Filed 5/13/25  P. v. O'Mally CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338829 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA085787) |
| v. | |
| SHEANA LATRICE O'MALLY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Kieran D.C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

# INTRODUCTION

Sheana Latrice O'Mally appeals from her conviction for assault. We appointed counsel to represent O'Mally on appeal. Counsel for O'Mally reviewed the record and did not identify any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) Nor, after reviewing the record independently, have we. Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2022 Rocke Klein was 70 years old and suffering from a variety of medical ailments, including a bad back, an aortic aneurysm, chronic obstructive pulmonary disease, and scarring of the lungs caused by COVID-19. To help him with his medical conditions, Klein began looking for in-home health care.

Eventually, Klein asked O'Mally, whom he met a year or two earlier, to come work for him. Klein told her that if things worked out he would offer her a room in his trailer. On the evening of her first day on the job, however, O'Mally "started getting violent" and became "crazy" and "out of control." Klein called the police, but the responding officers did not arrest O'Mally. O'Mally stopped working for Klein.

O'Mally called Klein several times over the next year, and on September 1, 2023 Klein invited her to his trailer to discuss returning to work for him. O'Mally told Klein she was "better now," and he agreed to hire her. Klein also agreed to let O'Mally live with him because she was currently living in her car.

Later that day, O'Mally returned to Klein's trailer with her friend, Clara Brownell. Brownell sat on a chair in Klein's

2

bedroom, which was also his living room, while O'Mally cleaned the house.  At some point O'Mally returned to the bedroom and got into bed next to Klein.  Brownell took pictures of Klein and O'Mally in bed, and O'Mally turned over and went to sleep.  Five minutes later, Brownell gave the camera to O'Mally (who had woken up) and left.  O'Mally changed into her sleeping clothes and went back to sleep.

In the morning O'Mally "woke up yelling" at Klein, but began to clean the house.  At some point during the day O'Mally had "a temper tantrum," became "very violent and aggressive," and was "throwing things around."  That night, Klein asked O'Mally to leave.  O'Mally gave Klein a "chest bump," which caused Klein to fall backward.  Klein went to his bedroom and lay down on his bed.  He "was scared to confront [O'Mally] anymore."  He stayed in bed "all night waiting, listening, hoping that she would leave."

The next morning Klein called a service that assists "elderly people with challenges they may have."  Eventually, the service told Klein to call the police.  Klein called the police on the morning of September 3, 2023 and went to look for O'Mally.  When he did not find her on the porch, he went to his bedroom.  All of a sudden he felt "somebody running against" him and "pushing [him] into the wall."  O'Mally hit Klein with her fists and grabbed Klein's "hair and started beating [his] head against the glass window," which caused the window to break.

Klein was able to get away.  He grabbed a miniature bat and hid in his bedroom.  However, O'Mally took the bat from him "and started beating" him with it.  O'Mally also hit Klein with a chair.

O'Mally began knocking items off Klein's shelves, and Klein called 911. By the time the police arrived, O'Mally had calmed down and spoke with the officers, who arrested her. A few days later a detective came to Klein's residence to take pictures of his injuries.

The People charged O'Mally with, under circumstances or conditions likely to produce great bodily harm or death, willfully causing or permitting an elder or dependent adult to suffer, or inflicting unjustifiable physical pain or mental suffering (Pen. Code, § 368, subd. (b)(1))[1]; assault with a deadly weapon (§ 245, subd. (a)(1)); and vandalism (§ 594, subd. (a)). A jury found O'Mally not guilty of assault with a deadly weapon and vandalism. The jury, however, found her guilty of simple assault (§ 240), as a lesser included offense of assault with a deadly weapon. The jury was unable to reach a verdict on the charge of elder abuse likely to produce great bodily injury, and the trial court dismissed that count.

The trial court suspended imposition of sentence and placed O'Mally on probation for one year with various terms and conditions, including that she serve eight days in county jail (with credit for time served), enroll in and complete a 26-week approved anger management program, perform 20 days of community labor, and pay several fines and fees. O'Mally timely appealed.

---

[1]	Statutory references are to the Penal Code.

4

## DISCUSSION

We appointed counsel to represent O'Mally in this appeal. After reviewing the record, counsel filed a brief raising no issues. Counsel advised O'Mally on March 6, 2025 that she could personally submit any contentions or issues she wanted this court to consider. Counsel also sent O'Mally the record on appeal and a copy of the appellate brief. On March 11, 2025 this court also sent O'Mally a letter advising her that, "[w]ithin 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We did not receive a response from O'Mally. We have examined the record and are satisfied that counsel for O'Mally has complied with his responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

5